**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**TABATHA H.**[1] **PLAINTIFF**

**v.** **No. 4:25-cv-70-BJB**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff Tabatha H. filed this lawsuit challenging the Commissioner of Social Security's decision to deny her application for disability benefits. The Court referred the case to Magistrate Judge Brennenstuhl, DN 9, who issued a Report and Recommendation that the Court affirm the Commissioner's decision and dismiss the Plaintiff's complaint. R&R (DN 18). The Plaintiff timely objected (DN 19), but after careful consideration, the Court adopts Judge Brennenstuhl's findings of fact, conclusions of law, and recommended disposition.

**I.**

The Social Security Act authorizes disability payments to those who are unable "to engage in any substantial gainful activity" for at least 12 months. 42 U.S.C. § 423(d)(1)(A). On May 31, 2023, the Plaintiff applied for disability-insurance benefits, alleging a disability that began on January 1, 2019, and lasted through December 31, 2023, the "date last insured"—in other words the final date when she would be eligible to receive disability benefits. Administrative Record (DN 7) at 18. The Administrative Law Judge, exercising authority delegated by the Commissioner, conducted a hearing on the Plaintiff's application. *Id.* at 37–61 (hearing transcript). As required by regulation, *see* 20 C.F.R. § 404.1520, the ALJ conducted a five-step sequential evaluation to determine if the Plaintiff was disabled. The five steps are:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—*i.e.*, an impairment that

[1] Consistent with General Order 22-05, this opinion refers to the Plaintiff's first name and last initial only.

significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Commissioner*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 42 U.S.C. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

Here the ALJ determined, among other things, that the Plaintiff had "severe impairments" that "more than minimally impact[ed] [her] ability to perform basic work activities." Administrative Record at 20. But the ALJ denied the Plaintiff's claim because she still "had the residual functional capacity to perform" certain kinds of "light work," *id.* at 23, and "there were jobs that existed in significant numbers in the national economy that [she] could have performed," *id.* at 31. In making these determinations, the ALJ considered the Plaintiff's own testimony about her limitations, her extensive medical records, opinions from several medical doctors and professionals, reports from psychological consultants, and testimony from a vocational expert. *Id.* at 25–36.

The Plaintiff's objections to the ALJ's analysis center around steps two and five. At the second step, the ALJ determined that the Plaintiff's "obesity, arthritis, [and] discoid (skin) lupus versus eczema" diagnoses were "severe" "medically determinable impairments." *Id.* at 20. The ALJ also noted that the Plaintiff's anxiety was a non-severe impairment. *Id.* at 21. But the ALJ did not consider whether the Plaintiff's "diabetes mellitus with neuropathy" diagnosis constituted a severe medically determinable impairment, despite that condition appearing in the record.[2] *See, e.g.*, *id.* at 281, 316, 643, 663. This omission, the Plaintiff alleges, had a downstream effect at step five, leading the ALJ to inappropriately conclude that the

[2] "Although it is not dispositive, it is worth noting that" the Plaintiff did not list diabetes mellitus with polyneuropathy as a disabling condition when she applied for disability. *Warsinski v. Commissioner*, No. 13-cv-14136, 2014 WL 6974670, at *10 (E.D. Mich. Dec. 9, 2014); Administrative Record at 62, 72.

Plaintiff had the residual functional capacity to work. Objection at 1–2; Administrative Record at 23. Magistrate Judge Brennenstuhl concluded that any such error was harmless, however, and recommended against a remand on that basis. R&R at 14.

**II.**

After a magistrate judge has prepared a report and recommendation under 28 U.S.C. § 636(b)(1)(B), a plaintiff may object to it. In response to any appropriate objection, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). The Plaintiff asks that the Court reject the report and recommendation for two reasons.

*First*, she says the R&R misapplied *Sullivan v. Commissioner*, 2018 WL 8344632 (6th Cir. Dec. 17, 2018). By her read of this unpublished circuit opinion, an ALJ's failure to consider a diagnosis at step two of the analysis must constitute harmful error. Objection at 1–2.

*Second*, she says that the ALJ's failure to follow Social Security Ruling 14-2 (policy guidance to ALJs "to consider whether diabetes is a severe or non-severe impairment") constitutes reversible error. *Id.* at 3; *see* Social Security Ruling, SSR 14-2p, Titles II and XVI: Evaluating Diabetes Mellitus, 79 Fed. Reg. 31,375 (June 2, 2014).

**III.**

To earn a reversal of the Commissioner's decision, a plaintiff must show both error and harm. Even when "an agency has failed to adhere to its own procedures, [a district court] will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers*, 582 F.3d at 654–55 (citing *Connor v. Commissioner*, 721 F.2d 1054, 1056 (6th Cir. 1983)); *see American Farm Lines v. Black Ball Freight Services,* 397 U.S. 532, 539 (1970) (agency's failure to follow own regulations did not require reversal absent showing of substantial prejudice).

Magistrate Judge Brennenstuhl correctly concluded that the Plaintiff hasn't established prejudice here. Even assuming that the ALJ erred by failing to discuss the diagnosis of diabetes mellitus with polyneuropathy, that omission did not alter the outcome of the disability determination.

**1.** Step two—whether a plaintiff has a severe impairment— "is merely a threshold requirement: The claimant must have at least one severe impairment to

move forward in the disability-determination process." *Lynn v. Colvin*, No. 16-cv-153, 2016 WL 8943300, at *3 (E.D. Ky. Dec. 22, 2016). "Once that door opens … the ALJ must consider *all* impairments, severe or non-severe, to determine her residual functional capacity. *Id.* (citing 20 C.F.R. §§ 404.1520(e) & .1545(a)(2)). So long as the ALJ determines that the Plaintiff has *one* severe impairment, the severity of any other impairment becomes immaterial to the step-two analysis; the ALJ "must continue with the remaining steps." *Maziarz v. Secretary of HHS*, 837 F.2d 240, 244 (6th Cir. 1987).

The Plaintiff's first contention suggests this approach conflicts with Sixth Circuit caselaw. She notes that in *Sullivan*, 2018 WL 8344632, at *2, the Circuit remanded a decision because the ALJ had rejected the only treating doctor's opinion without explaining why. *Id.* at *3; *see* Objection at 2. The Court of Appeals concluded that the error was prejudicial because "the ALJ denied relief at step two of the five-step sequential analysis." *Sullivan*, 2018 WL 8344632, at *3.

That decision, even if it were binding law of the circuit, would not help the Plaintiff. Here, unlike in *Sullivan*, the ALJ did indeed proceed to step three (and beyond). The ALJ did so because the Plaintiff's other diagnoses satisfied the threshold requirement at step two. Administrative Record at 20–22. So the R&R neither misinterpreted nor misapplied *Sullivan*; the facts of that case are plainly distinguishable from the facts of this one.

**2.** The Plaintiff's second objection fails for similar reasons. She argues that the ALJ's failure to follow Social Security Ruling 14-2—policy guidance to ALJs regarding diabetes mellitus—was reversible error. That Ruling directs ALJs to consider whether diabetes mellitus is severe or non-severe. The ALJ here did not make that determination—but, again, the omission proved immaterial. That's because the ALJ found that the Plaintiff's *other* physical impairments satisfied step two, so he proceeded to the subsequent steps. Failure to adhere to an SSA "Policy Interpretation Ruling," without more, does not constitute reversible error. *See Rabbers*, 582 F.3d at 654–55; *see also* SSR 14-2p, 79 Fed. Reg. at 31,376 (describing the Ruling as "policy guidance").

Still, the Plaintiff presses that the ALJ's error at step two tainted his later analysis at step five. There, according to the Objections (at 3), the ALJ failed to consider the impact that her diabetes mellitus with polyneuropathy had on her residual functional capacity to work. But as Judge Brennenstuhl explained, the ALJ considered all the medical records that the Plaintiff points to regarding this condition. The ALJ evaluated records from every medical professional with whom the Plaintiff

had met, including those who had diagnosed or treated the Plaintiff for diabetes mellitus with neuropathy. And although the ALJ did not expressly name this condition, he considered all the same symptoms the Plaintiff says are associated with it:

- She "reported that her pain was located mainly in her back, legs, feet, shoulders, neck, and hands" and that "she experienced a very bad burning pain in her feet with muscle spasms," Administrative Record at 23;
- "She described … the pain in her back and legs as an aching pain that was exacerbated with sitting and standing activities," *id.*;
- "She explained that her bilateral legs had been cramping, restless at night, and feeling tingly and numb," *id.* at 24;
- She "presented to Nurse Townsend with a complaint of right hand and wrist pain," *id.* at 26;
- She "reported that her feet bothered her when she stood for long periods of time" and "that her toes cramped when she walked," *id.*;
- "She complained of cramping with walking long distances and stated that the cramping had caused her to fall.," *id.* at 28.

The ALJ weighed each of these symptoms together with the other symptoms identified in the record before concluding that the Plaintiff had the residual functional capacity to work. *Id.* at 29. So any error stemming from the ALJ's failure to name the Plaintiff's diagnosis was harmless. *See Rabbers*, 582 F.3d at 654–55.

## ORDER

The Court overrules the Plaintiff's objection (DN 19) to the Report & Recommendation, adopts Judge Brennenstuhl's findings of fact and conclusions of law (DN 18), and denies the Plaintiff's motion to vacate and remand (DN 14).

Benjamin Beaton, District Judge
United States District Court

September 29, 2026